WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Santasia McLaren,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Andrew Nihipali, et al.,<br><br>　　　　Defendants. | No. CV-23-02609-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is the parties' stipulation to extend all deadlines in the Rule 16 scheduling order in this case. (Doc. 18).  This stipulation was filed on June 20, 2024.  It states the reason for the extension is: "…in Plaintiff's recent deposition, the Parties discovered a potential defendant/claimant (Plaintiff's uber driver) who was not previously recognized as a potential defendant or sued and thus Plaintiff will be amending the Complaint to add the uber driver…." (Doc. 18 at 1).

　　　　However, as of June 20, 2024, the deadline to amend the pleadings, and all expert disclosure deadlines, were expired.  (Doc. 10).  The stipulation fails to show good cause to extend these expired deadlines.  Specifically, as quoted above the stipulation says *Plaintiff* discovered during *Plaintiff's* deposition that *Plaintiff* may wish to name his own Uber driver as an additional defendant.  While the Court will not pre-judge any motion that may be filed in the future, the Court cannot hypothesize why Plaintiff needed Defendant's assistance during a deposition to know his own Uber driver may have been at fault.

　　　　Should an untimely motion to amend the pleadings be filed in the future, counsel

are reminded of the governing law.  First, the Court must consider Rule 16. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). The Ninth Circuit has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

With respect to the interplay between Rules 16 and 15(a), "[a]s the Ninth Circuit explained in *Johnson* . . . once the district court has filed a pretrial scheduling order pursuant to Rule 16 . . . a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson*, 186 F.R.D. at 607; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (finding that a party seeking to amend a pleading after the scheduling order date must first show "good cause" for not amending the complaint sooner, and if "good cause" is established, the party must demonstrate that the amendment was proper under Rule 15). "If [the Court] considered only Rule 15(a) without regard to Rule

16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Thus, only if a plaintiff can show good cause to extend an expired deadline to move to amend the pleadings, will the Court consider Rule 15.  Under Rule 15, although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.' Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

The liberal policy in favor of amendments, however, is subject to limitations.  After the defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, **or creates undue delay.**" *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (quoting *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)) (emphasis added). "The party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs, Ltd.,* 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

Prejudice can result where a defendant would be forced to participate in additional discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  Extending

discovery can also create undue delay. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). Regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citation omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."). Similarly, a motion for leave to amend is futile if it can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

The parties having failed to show good cause to extend the expired deadlines in this case, the Court will deny that portion of the stipulation. Further, to the extent the stipulation seeks to extend unexpired deadlines, the primary basis for those extensions is the assumption that the expired deadlines will be extended; therefore, this request will also be denied. Accordingly,

**IT IS ORDERED** that the stipulation to extend deadlines (Doc. 18) is denied.

Dated this 21st day of June, 2024.

James A. Teilborg
Senior United States District Judge